# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELECTION SYSTEMS & SOFTWARE, LLC, | CASE NO.: _____ |
| Plaintiff, | |
| v. | |
| RBM CONSULTING, LLC, and GERALD G. HAYEK, an Individual. | **COMPLAINT, DEMAND FOR JURY TRIAL AND REQUEST FOR PLACE OF TRIAL** |
| Defendants. | |

Plaintiff, Election Systems & Software, LLC ("ES&S") states and alleges the following for its claims against Defendants RBM Consulting, LLC ("RBM") and Gerald C. Hayek ("Hayek"):

**Parties, Jurisdiction and Venue**

1. ES&S is a Delaware limited liability company with its principal place of business in Omaha, Nebraska. ES&S is a worldwide provider of end-to-end, fully integrated voting systems that support every phase of the election process, which includes the manufacture and sale of voting machines and the software products that control them.

2. RBM is a resident of Illinois. RBM is involved in the elections business in multiple jurisdictions across the United States, including Nebraska. Upon information and belief, RBM has recently solicited business in Nebraska and has contacts with Nebraska sufficient to to afford a basis for the exercise of personal jurisdiction

620577.2

consistent with the Constitution of the United States and Neb. Rev. Stat. §25-536(a) and (d).

3. Gerald G. Hayek ("Hayek") is, upon information and belief, currently a resident of Nebraska, and is neither a minor, an incompetent person nor a person in the military service as to be entitled to the benefits of the Servicemembers Civil Relief Act of 2003 (50 U.S.C. Appx. § 501 et seq.). Hayek was formerly an employee of ES&S. Upon information and belief, Hayek is now employed by RBM and, among other things, conducted an election recount that is part of the subject of this action.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1) as this action arises under the laws of the United States, is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because the intellectual property that is the subject of this dispute was created in Nebraska. Venue is also proper under 28 U.S.C. § 1391(a)(3) because RBM and Hayek are subject to personal jurisdiction in the District of Nebraska.

**Factual Background**

6. As part of its business operations, ES&S developed and owns Unity Election Management System Software ("Unity Software"). Unity Software enables a state or local government to create and maintain a central database of jurisdiction and election information, to format ballot layouts and program election equipment for use in conducting voting, and to collect, accumulate and report the voting result files directly from the tabulation equipment.

7.      ES&S owns Unity Software and provides licenses to its customers for the purposes of defining and conducting elections, and for tabulating and reporting election results, within the customer's jurisdiction.  In exchange for these licenses, ES&S customers pay ES&S a license fee.

8.      Aside from having trademark registration #3,167,741 for "Unity," and registration #2,523,374 for "UNITY ELECTION SYSTEM AND DESIGN," the Unity Software is also the subject of a copyright owned by ES&S.

9.      ES&S manufactures and sells the Model 650™ Central Ballot Counter, which is an easy-to-use, high-speed central paper ballot counter and vote tabulator that supports a full range of jurisdiction sizes and ballot complexities. The Model 650 is capable of processing a variety of ballot lengths — 14", 17", and 19" — all at speeds of over 300 ballots per minute.

10.     Unity Software and ES&S' firmware control and run the counting and tabulation processes of the Model 650™, such that the Model 650™ is inoperable without the Unity Software.

**Hayek's Non-Disclosure and New Development Agreement with ES&S**

11.     Pursuant to his employment with ES&S, on or about January 15, 1998, Hayek entered into a "Nondisclosure and New Development Agreement" with ES&S (referred to hereinafter as the "Nondisclosure Agreement").  A true and correct copy of Hayek's Nondisclosure Agreement is attached hereto as Exhibit A.

12.     In the Nondisclosure Agreement, Hayek agreed to the following nondisclosure obligations in exchange for his employment with ES&S:

> 2. <u>Nondisclosure</u>.  In recognition of the foregoing, I agree that I will not at any time, *either during or after my employment with ES&S* until the

> Confidential Information becomes publicly known, in any way disclose to anyone or use for any purpose any Confidential Information of ES&S, except as specifically required in the proper performance of the duties of may employment with ES&S or as expressly authorized by ES&S.

(Exhibit "A" ¶ 2) (emphasis added).  The Nondisclosure Agreement defines "Confidential Information" as follows:

> [I]nformation about products and product lines, customers and prospective customers, vendors and suppliers, pricing, software (including, without limitation, source and object form, screen displays and formats, program structure, sequence and organization, and audio-visual elements of such software, listings thereof and documentation related thereto), trade secrets, financial and accounting data, personnel and compensation, data processing and communications, technical data, marketing strategies, research and development of new or improved products and services, and know-how regarding the business of ES&S and its products and services (including, without limitation, ballot stock and related methodologies).

(Exhibit "A" ¶ 1).

13. In the Nondisclosure Agreement, Hayek also agreed to the following prohibitions on copying and removing ES&S' property:

> 3. <u>Copying and Removal.</u>  I agree that I will not at any time, *either during or after my employment with ES&S*, copy or otherwise reproduce any written, magnetic media, or other documents, records or materials of ES&S containing or constituting such written, magnetic media or other documents, records, or materials, or any copies thereof, from the premises of ES&S or use any of such written, magnetic media, or other documents, records, or materials other than in an authorized manner exclusively for the benefit of ES&S.  *Upon termination of my employment with ES&S for any reason, I agree to immediately return all Confidential Information, including any and all copies thereof, to ES&S.*

(Exhibit "A" ¶ 3) (emphasis added).

14. The Unity Software, and ES&S' rights to the same, is Confidential Information that is protected under the Nondisclosure Agreement.

15. RBM and its employees, including Hayek, do not have permission to use or possess the Unity Software

16. ES&S has received information that Hayek and RBM are in possession of and are using ES&S' proprietary Unity Software in their business activities.

17. In or around September 2011, ES&S learned that Hayek and RBM solicited services from one of ES&S' customers in Pennsylvania, in part by using copies of ES&S' proprietary Unity Software.

18. RBM and Hayek performed a recount of election results from the Centre County, Pennsylvania Democratic Primary race that was held on May 17, 2011. Upon information and belief, RBM and Hayek used a Model 650™ to perform the recount, a task which could not be performed without the unauthorized use of the Unity Software.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement against Gerald G. Hayek, and RBM Consulting)**

19. ES&S incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. ES&S owns a valid copyright in its Unity Software.

21. Defendants have not entered into a license agreement with ES&S and have not paid the requisite license fee to ES&S to use ES&S' Unity Software.

22. As a result of Defendants using ES&S' Unity Software without entering into a license agreement or paying ES&S the requisite license fee, Defendants are infringing on ES&S' copyright, pursuant to 17 U.S.C. § 501 *et. seq.*

23. Upon information and belief, Defendants' copyright infringement is willful.

WHEREFORE, Plaintiff, Election Systems & Software, LLC prays for judgment in its favor and against Defendants Hayek and RBM Consulting, LLC, as follows:

    a. An award of statutory damages;

b. An award of actual damage it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of the infringement set forth above, in an amount to be fully determined at trial;

c. An order enjoining Defendants from engaging in future acts in violation of the copyright laws of the United States with respect to ES&S' property;

d. An award of attorney's fees, prejudgment interest and costs of this action; and

e. For such other, further and different relief as this Court deems just and equitable.

## SECOND CLAIM FOR RELIEF

**(Misappropriation of Trade Secrets and Violation of the Nebraska Trade Secrets Act against Gerald G. Hayek, and RBM Consulting)**

24. ES&S incorporates the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. While employed by ES&S, Hayek was provided with access to ES&S' trade secrets. Pursuant to the Nondisclosure Agreement, Hayek has a duty to maintain the secrecy of ES&S' trade secrets and to not use ES&S' trade secrets.

26. Since no longer being employed by ES&S, Hayek has disclosed and/or used ES&S trade secrets without the express or implied consent of ES&S.

27. RBM has been provided with ES&S' trade secrets through Hayek, an individual owing a duty to ES&S to maintain the secrecy of ES&S' trade secrets and to not use ES&S' trade secrets.

28.     RBM has disclosed and/or used ES&S' trade secrets without the express or implied consent of ES&S.

29.     Defendants' misappropriation is wrongful and in violation of common law and the Nebraska Trade Secrets Act, Neb. Rev. Stat. § 87-502 *et seq*.

30.     ES&S has been damaged as a direct and proximate result of Defendants' wrongful misappropriation of the company's confidential, proprietary trade secrets.

WHEREFORE, Plaintiff, Election Systems & Software, LLC prays for judgment in its favor and against Defendants Hayek and RBM Consulting, LLC, as follows:

a.     An award of money damages, in an amount to be fully determined at trial, to compensate ES&S for lost business, lost business opportunities, harm to good will and reputation, loss of market share, loss of the competitive advantage it enjoys by virtue of its exclusive enjoyment of its confidential, proprietary trade secrets, unjust enrichment, and any and all other consequential and incidental damages allowed by law resulting from and proximately caused by Defendants' conduct;

b.     An order enjoining Defendants from any use of ES&S' confidential, proprietary information or trade secrets wrongfully removed or misappropriated by Defendants;

c.     An order requiring Defendants to surrender immediately and return all of ES&S' confidential, proprietary information in their possession;

d.     An award of attorney's fees, prejudgment interest and costs of this action; and

e.     For such other, further and different relief as this Court deems just and equitable.

## THIRD CLAIM FOR RELIEF

### (Conversion Against Gerald Hayek, and RBM Consulting)

31. ES&S incorporates the allegations of paragraphs 1 through 30 as if fully set forth herein.

32. Defendants have copied and used ES&S' Unity Software or otherwise reproduced written, magnetic media, or other documents, records or materials belonging to ES&S containing or constituting ES&S' Confidential Information.

33. Defendants' use and copying of ES&S' Unity Software and other ES&S property is inconsistent with ES&S' rights over its Unity Software and otherwise constitutes Defendants wrongful exercise of dominion, ownership and control over ES&S' property.

WHEREFORE, Plaintiff, Election Systems & Software, LLC. prays for judgment in its favor and against Defendants Hayek and RBM Consulting, LLC, for damages in an amount to be fully determined at trial, as well as for reasonable costs and attorney's fees, prejudgment interest, and for such other, further, and different relief as to this Court seems just and equitable.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract against Gerald Hayek)

34. ES&S incorporates the allegations of paragraphs 1 through 33 as if fully set forth herein.

35. ES&S and Hayek entered into the Nondisclosure Agreement.

36. Hayek materially breached the Nondisclosure Agreement by disclosing ES&S' Confidential Information and by copying and removing ES&S' Confidential Information and property.

37. ES&S has performed all conditions precedent and substantially performed its duties under the Nondisclosure Agreement, or such conditions precedent and performance have been waived.

38. Hayek breach proximately caused damage to ES&S.

WHEREFORE, Plaintiff, Election Systems & Software, LLC, prays for judgment in its favor and against Defendant Hayek in an amount to be fully determined at trial, as well as for reasonable costs and attorney's fees, prejudgment interest, and for such other, further, and different relief as to this Court seems just and equitable.

## FIFTH CLAIM FOR RELIEF

**(Violation of Pennsylvania and Nebraska Deceptive Trade Practices Acts by RBM Consulting LLC, and Gerald C. Hayek)**

39. ES&S incorporates the allegations of paragraphs 1 through 38 as if fully set forth herein.

40. Defendants' conduct violates the Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. §87-301 *et. seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, P.S. §§201-1 *et. seq.*

41. Defendants' conduct causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their goods or services.

42. Defendants' conduct causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by ES&S and, at a minimum, implicitly misrepresents that the goods or services of RBM have sponsorship, approval, characteristics, uses and benefits that they do not have or that Defendants have a sponsorship, approval, status, affiliation, or connection with ES&S that they do not have.

43. Defendants' conduct has damaged ES&S.

WHEREFORE, Plaintiff, Election Systems & Software, LLC. prays for judgment in its favor and against Defendants Hayek and RBM Consulting, LLC, as follows:

    a. An award of actual damage it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of the infringement set forth above, in an amount to be fully determined at trial;

    b. An order enjoining Defendants from engaging in future acts in violation of Nebraska and Pennsylvania law with respect to ES&S' property;

    c. An award of attorney's fees, prejudgment interest and costs of this action as allowed; and

    d. For such other, further and different relief as this Court deems just and equitable.

## **REQUEST FOR JURY AND PLACE OF TRIAL**

Plaintiffs hereby request a trial by jury in Omaha, Nebraska.

Dated this 20th day of December, 2011.

        ELECTION SYSTEMS & SOFTWARE, LLC., Plaintiff,

By: *s/David A. Yudelson*
   Michael C. Cox, #17588
   David A. Yudelson, #23257
   KOLEY JESSEN P.C., L.L.O.
   One Pacific Place, Suite 800
   1125 South 103rd Street
   Omaha, NE 68124-1079
   (402) 390-9500
   (402) 390-9005 (facsimile)
   Michael.Cox@koleyjessen.com
   David.Yudelson@koleyjessen.com

Attorneys for Plaintiff.