IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELECTION SYSTEMS &AMP; SOFTWARE, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>RBM CONSULTING, LLC, GERALD G. HAYEK, an individual;<br><br>    Defendants. | **8:11CV438**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on Plaintiff Election Systems & Software, LLC's ("ES&S") Motion to Compel Discovery and to Overrule Objection to Proposed Subpoena, (Filing No. 39), and Defendant Gerald Hayek's Motion to Compel, (Filing No. 51).

BACKGROUND

  ES&S manufactures and sells voting machines and voting machine software. RBM Consulting, LLC ("RBM") supplies voting system consulting, maintenance, and service throughout the United States. (Filing No. 26, ¶2, at CM/ECF p. 2). ES&S and RBM are business competitors.

  ES&S developed and owns Unity Election Management System Software ("Unity Software"). Unity Software enables governments to perform a variety of election-related tasks including formatting ballots, conducting voting, and reporting election results. ES&S provides licenses for the Unity Software to its customers in exchange for a fee. Unity Software is subject to a trademark registration and copyright protection. ES&S also manufactures a particular ballot counter (the "Ballot Counter") known as the Model 650™ Central Ballot Counter. The Ballot Counter is inoperable without Unity Software.

Defendant Gerald Hayek was previously employed by ES&S. As part of his employment, he signed a nondisclosure agreement that included terms preventing him from copying ES&S materials or otherwise disseminating its confidential information. At some point in time, Hayek's employment with ES&S terminated and he is now working for RBM in some capacity. The parties disagree on whether Hayek is an independent contractor or an employee of RBM.

ES&S filed a complaint against RBM and Hayek asserting claims based on copyright infringement and misappropriation of trade secrets. Specifically, ES&S asserts Hayek copied some of ES&S' proprietary information, and RBM and Hayek used an ES&S voting machine and Unity Software to perform a recount for Centre County, Pennsylvania.

Defendants filed a motion to dismiss. Judge John M. Gerrard granted the motion in part and denied it in part. (Filing No. 23). He allowed ES&S leave to amend its complaint. ES&S filed an amended complaint. The defendants answered and RBM filed counterclaims against ES&S, bringing various anti-trust claims against ES&S including that ES&S has violated the Sherman Act and Nebraska state law by monopolizing, or attempting to monopolize, the market for voting consulting, maintenance, and support services. The parties agreed to a Protective Order, (Filing No. 59), that allows the parties to designate documents as "Confidential" and "Attorney's Eyes Only" in an effort to help prevent the wide dissemination of the parties' respective trade secrets or other confidential information. Despite making some headway with the contested discovery matters, the parties remain mired in disagreements regarding numerous requests for production, interrogatories, and various other discovery matters. Those issues have been presented to the court for resolution.

ANALYSIS

The scope of permissible discovery is extremely broad and parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action". Gladfelter v. Wal-Mart Stores, Inc., 162 F.R.D. 589, 590 (D. Neb. 1995). However, the scope of discovery is not unlimited. Some threshold showing of relevance must be made before parties are required to produce a variety of information which does not "reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

Once the requesting party meets the threshold relevance burden, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden." Continental Ill. Nat'l Bank & Trust Co. Of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991). Further the party opposing the motion to compel must provide specific explanations or factual support as to how each request is improper. St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).

Based on the foregoing legal principles the court will address the remaining disputed discovery.

<u>ES&S' Interrogatories to Hayek</u>

INTERROGATORY NO. 1: Please list all customers for which you have performed any service as an employee or independent contractor of RBM consulting.

ANSWER: Hayek objects to this Interrogatory on the grounds that it is overbroad in scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Hayek states that his services have been retained by the following customers: RBM Consulting, LLC.

ES&S' interrogatory asks for the customers Hayek has performed work for as an independent contractor for RBM. Hayek claims such information is confidential and that he cannot disclose the names of the clients for which he has performed services on behalf of RBM. The identities of these clients are potentially relevant to ES&S's case as RBM has admitted that its consultants have performed "maintenance" and "service" on ES&S machines and systems. However, ES&S' request for a list of "all" of RBM's customers is overbroad because it is not limited in any respect based on whether the services he performed involved ES&S equipment or systems. Information regarding customers Hayek has worked with that do not employ ES&S equipment or systems will have no bearing on this case. Accordingly, Hayek's objection to this request is sustained.

<u>ES&S' Interrogatories to RBM</u>

INTERROGATORY NO. 4: Please describe in detail all services RBM has performed through any employee or independent contractor for any customer in the last five (5) years in which said service pertained to work-on or related-to an ES&S manufactured machine or to ES&S' Unity software. This interrogatory is intended to include any recount work.

ANSWER: Defendant objects to this Interrogatory on the grounds that it is overbroad in scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, RBM

4

>states that during the past five (5) years, RBM has provided consulting services to election officials through its independent contractor consultants, which generally includes, assisting in the conduct, preparation and tallying of elections and recounts, including maintenance and service to voting systems and machines manufactured by ES&S.

Plaintiff argues that RBM's answer to this interrogatory is not responsive. However, RBM provided what was asked for – a list of services it has provided through employees or independent contractors. The term "in detail" is vague to the extent it is not clear what additional information ES&S seeks. ES&S has not articulated to the court what types of information it expected to receive in response to this interrogatory or what type of information it would consider a complete response from RBM. Thus, the court has no context in which to determine whether RBM's answer is, or is not, responsive. RBM's objection to this request is sustained.

>INTERROGATORY NO. 6: Please give the specific version number of all versions of Unity's software that RBM's has used through any employee or independent contractor in performing any work for any RBM customer, including in such information the licensee or custodian of such software.

>ANSWER: RBM objects to this Interrogatory on the grounds that it is overbroad in scope and not reasonably calculated to lead to the discovery of admissible evidence. RBM further objects to this Interrogatory on the grounds that the term "used" is vague and ambiguous. Without waiving the foregoing objection, RBM states that it's independent contractor consultants regularly access, and/or assist election officials operate, licensed copies of Unity to setup, conduct and tally elections and recounts.

ES&S seeks a complete answer to Interrogatory No. 6, arguing that RBM has not provided a responsive answer. RBM acknowledges its independent contractor consultants "regularly access, and/or assist election officials operate, licensed copies of Unity software." To the extent it has the information, RBM is ordered to provide ES&S with the specific version numbers of the Unity Software its employees or independent

contractors have accessed, operated, or assisted election officials in operating. If it does not know, RBM must clearly state that fact.

> INTERROGATORY NO. 7: Please describe in detail each lost sale or potential sale RBM alleges against ES&S in this case, including the name of the customer/potential customer and amount of the sale.
>
> ANSWER: RBM believes it has lost numerous sales as a result of ES&S' illegal conduct. Discovery is ongoing and RBM reserves the right to supplement its answer to this Interrogatory.
>
> INTERROGATORY NO. 8: Please list all third parties with whom RBM alleges ES&S tortiously interfered with RBM's business relationship with said customer(s), including how ES&S interfered with each such relationship.
>
> ANSWER: RBM believes it has lost sales to numerous election jurisdictions due to the conduct described in RBM's answer to Interrogatory No. 1. Discovery is ongoing and RBM reserves the right to supplement its answer to this Interrogatory.
>
> INTERROGATORY NO. 9: With respect to your allegations against ES&S concerning violations of the Sherman Act for monopoly, monopoly leveraging and refusal to deal: (a) Please describe in detail the applicable geographic market(s); (b) Please describe in detail the applicable product market(s); and (c) Please describe in detail the facts upon which you rely upon to assert that ES&S has market power in the above-described product and geographic markets.
>
> ANSWER: (d) The relevant geographic market includes state and local governments located anywhere in the United States who utilize ES&S Voting Systems. (e) The relevant product/service market consists of consulting, maintenance and support services for ES&S Voting Systems. (f) Upon information and belief, ES&S currently controls in excess of 70% of the market for electronic voting systems in the United States; and at least 95% of the market for consulting, maintenance and support services for ES&S Voting Systems in the United States. ES&S has acquired monopolistic power in the market for consulting, maintenance and support

6

services for ES&S Voting Systems through unlawful tying arrangements, exclusive dealing contracts, and its refusal to sell replacement parts, as more fully set forth in RBM's Answer to Interrogatory 1 set forth above.

INTERROGATORY NO. 14: Please state all facts upon which you rely to make the allegations in Paragraph 28 of your Counterclaim.

ANSWER: RBM's experience in the marketplace.

ES&S requests that the court order RBM to fully and completely answer Interrogatories 7, 8, 9 & 14 and to state the facts upon which it makes its assertions in its Counterclaim. RBM either has facts in its possession or it does not. If it is currently basing its assertion that it has lost business to ES&S due to ES&S' allegedly illegal practices on information provided to it by customers, former customers, prospective customers, its employees, or any other source, RBM should provide that information to ES&S. Likewise RBM presumably had some factual basis for stating ES&S "controls in excess of 70% of the market for electronic voting systems in the United States; and at least 95% of the market for consulting, maintenance and support services for ES&S Voting Systems in the United States." To the extent it based its allegations on facts, RBM must provide those. If RBM does not have any specific factual information regarding these assertions, the court cannot compel it to provide the information.[1]

ES&S' Requests for Production to RBM

REQUEST NO. 1. All documents and electronically stored information pertaining to RBM's gross revenues for each year since January 2002.

---

[1] As ES&S suggests, if RBM lacks any factual support for its assertions, sanctions could be imposed. But that issue, and the parties' evidence and arguments to support or refute that issue, is not before the court at this time.

> RESPONSE: RBM objects to this Request on the grounds that it is overbroad in scope and not reasonably calculated to lead to the discovery of admissible evidence.

ES&S has agreed to limit this request to the previous five (5) years. As ES&S correctly states, gross revenues are one component of a method for calculating damages in a copyright infringement case. Andreas v. Volkswagon of America, Inc., 336 F.3d 789, 795 (8th Cir. 2003). Accordingly, this information is relevant and must be produced.

> REQUEST NO. 3. Please produce all documents and electronically stored information pertaining to any amount of damage claimed by RBM in this case.
>
> RESPONSE: Discovery is ongoing and RBM is still in the process of ascertaining and calculating its damages. RBM will supplement this Response at a later date.

RBM has not refused to answer this question; it indicates discovery in ongoing. RBM has alleged damages. To the extent it has documents evidencing such damage, it shall produce them immediately, supplementing on an ongoing basis as it discovers additional documents supporting its damage claim.

> REQUEST NO. 10. Please produce all monthly, quarterly and annual financial statements, both audited and unaudited, for RBM from January 2002 to present.
>
> RESPONSE: RBM objects to this Request on the grounds that it is overbroad in scope; seeks proprietary, confidential business information; and is not reasonably calculated to lead to the discovery of admissible evidence.

ES&S has agreed to limit Request No. 10 to the previous five (5) years' worth of information. Even so, the court finds this request to be overbroad. ES&S has not stated

why it requires all "monthly, quarterly, and annual financial statements, both audited and unaudited" other than to make the general assertion that "financial statements speak to both the revenues as well as the expenses that RBM may attempt to assert to reduce the amount of permissible damage." Just as ES&S narrowly tailored any earlier request to just the "gross revenues," a request seeking information about expenses could be more narrowly tailored than seeking every financial statement RBM has prepared for the previous five (5) years. RBM's objection is sustained.

>REQUEST NO. 11. Please produce all of RBM's customer lists.
>
>RESPONSE: RBM objects to this Request on the grounds that it is overbroad in scope; seeks proprietary, confidential business information; and is not reasonably calculated to lead to the discovery of admissible evidence.
>
>REQUEST NO. 12. Please produce all contracts RBM has entered into with any government office since January of 2002.
>
>RESPONSE: RBM objects to this Request on the grounds that it is overbroad in scope; seeks proprietary, confidential business information; and is not reasonably calculated to lead to the discovery of admissible evidence.

ES&S has apparently agreed to limit its requests 11 and 12 to the past five (5) years. However, even considering such a limitation, ES&S' requests are overbroad and not reasonably calculated to lead to the discovery of admissible evidence. ES&S has made no attempt to limit or narrowly tailor this request. Likewise a request seeking "all" contracts with "any" government office is not sufficiently tailored to lead to the discovery of admissible evidence.

>REQUEST NO. 13. Please produce all price lists for RBM's services and for RBM's products, if any.

9

> RESPONSE: To the extent that RBM has any such documents or electronically stored information responsive to this Request in its possession, said materials will be made available for inspection and copying at the offices of Defendants' counsel upon a mutually agreeable date and time. Discovery is ongoing and RBM reserves the right to supplement this response as necessary.

RBM has agreed to produce the information sought after in Request 13 and will make it available for inspection and copying. The court sees no reason to restrict the manner of production other than what is set forth in the parties' stipulated protective order. (Filing No. 59). Accordingly, RBM shall produce the requested documents pursuant to the terms of the Protective Order entered in this case.

ES&S' Answers to Hayek's Interrogatories

> Interrogatory No. 2: Identify each person having any knowledge or information relating to any fact alleged in the Amended Complaint, and describe the facts or information known to such person.
>
> Response: In addition to the numerosity objection, ES&S objects to this interrogatory as duplicative of the information required by initial disclosures already served by ES&S pursuant to Rule 26(a)(1)(A)(i).

ES&S' objection based on numerosity is discussed below. To the extent it has already produced the information requested, ES&S need not produce that information again. If it is in possession of any additional information that is responsive to this request it shall provide that information to Defendants pursuant to this order and its ongoing duty to supplement pursuant to the Federal Rules.

> Interrogatory No. 3: State each fact supporting your contention that Defendants "unlawfully copied" ES&S' Unity Software as alleged in Paragraphs 19 and 27 of the Amended Complaint, and identify every witness and document supporting such fact.

Response: In addition to the numerosity objection, ES&S objects to this interrogatory to the extent that it seeks a legal conclusion.

Interrogatory No. 5: Describe the manner in which Defendants have unlawfully "used" ES&S' Unity Software as alleged in Paragraphs 19 and 27 of the Amended Complaint, and identify every witness and document supporting each such fact.

Response: In addition to the numerosity objection, ES&S objects to this interrogatory to the extent it calls for a legal conclusion.

Interrogatory No. 7: For each occasion that you contend that Defendants unlawfully copied, used or reproduced ES&S' Unity Software or other written, magnetic media or other documents, records or materials belonging to ES&S, state the date that such unlawful activity took place, and identify every witness and document supporting your contention that such activity took place.

Response: In addition to the numerosity objection, ES&S objects to this interrogatory to the extent it calls for a legal conclusion. Furthermore, ES&S notes that the very nature of copyright infringement, trade secret misappropriation, and similar conduct is intentionally done beyond the knowledge of the copyright/trade secret owner in ES&S' position, therefore ES&S cannot know all such information as sought by this interrogatory unless and until discovery is completed.

Interrogatory No. 8: Identify all written materials, electronic data, magnetic media, hardware, software or other documents, records or materials belonging to ES&S that Defendants have unlawfully copied, reproduced or used.

Response: In addition to the numerosity objection, ES&S objects to this interrogatory to the extent it calls for a legal conclusion.

Interrogatory No. 11: State each and every fact that supports your contention that Defendant Hayek breached the Nondisclosure Agreement as alleged in Paragraph 43 of the Amended Complaint.

Response: In addition to the numerosity objection, ES&S objects to this interrogatory to the extent it calls for a legal conclusion.

ES&S has objected to many of the interrogatories propounded upon it because it believes the requests exceed the number allowable by the Federal Rules of Civil Procedure or the parties' agreement as set forth in the Rule 26(f) Report. This argument is not well taken. As exemplified by the discovery ES&S served on the defendants, the court sees no evidence the parties intended to employ a hyper-technical counting of interrogatories plus subparts. Rather, it appears as if the parties intended to engage in good faith discovery to streamline the discovery process and obtain the underlying facts in cost-effective manner. The court does not find the number of interrogatories unreasonable or abusive. Accordingly, the numerosity objections are overruled.

ES&S also objects to the contested interrogatories because they seek "legal conclusions." However, the court does not agree that responding to these questions calls for a legal conclusion. Rather Defendant's requests appear to seek the factual basis underlying ES&S' claims. For instance, Defendants have been accused of unlawfully copying and using proprietary material belonging to ES&S. If ES&S has knowledge of specific information it believes Defendants have improperly acquired or used, Defendants are entitled to that information. If it does not have any such information, it obviously cannot respond to the interrogatories, but should simply state that it does not have the information. In either case, ES&S has to provide an answer. Accordingly ES&S shall provide responses to Interrogatories 2, 3, 5, 7, 8 and 11.

ES&S' Responses to Requests for Production

> REQUEST NO. 6. Please produce all documents and materials which support any statement of fact set forth in the Amended Complaint.
>
> RESPONSE: ES&S objects to Request No. 6 as being overly broad, unduly burdensome as worded, and because it fails to be sufficiently specific and narrowly tailored to a particular issue or set of facts. Subject to its objections, ES&S will produce any responsive, non-privileged documents once a confidentiality protective order is entered by the Court. Such

confidentiality protective order has already been requested by Defendants (Docket No. 44) and is currently in negotiation between the parties, though ES&S reserves the right to seek such order on other, different terms if the parties are unable to agree.

REQUEST NO. 7. Please produce all documents and materials supporting any claim asserted in the Amended Complaint.

RESPONSE: ES&S objects to Request No. 6 as being overly broad, unduly burdensome as worded, and because it fails to be sufficiently specific and narrowly tailored to a particular issue or set of facts. Subject to its objections, ES&S will produce any responsive, non-privileged documents once a confidentiality protective order is entered by the Court. Such confidentiality protective order has already been requested by Defendants (Docket No. 44) and is currently in negotiation between the parties, though ES&S reserves the right to seek such order on other, different terms if the parties are unable to agree.

REQUEST NO. 18. Please produce a copy of each and every license you have entered into related to the Unity Software.

RESPONSE: ES&S objects to this Request as overly broad and unduly burdensome as being unlimited in time and scope. Subject to its objections, ES&S will produce any responsive, non-privileged documents for the last 5 years once a confidentiality protective order is entered by the Court. Such confidentiality protective order has already been requested by Defendants (Docket No. 44) and is currently in negotiation between the parties, though ES&S reserves the right to seek such order on other, different terms if the parties are unable to agree. Furthermore, with respect to documents pertaining to ES&S' defenses of RBM's counterclaims, ES&S elects to produce any responsive, non-privileged documents during the specific timeframe specified by agreement between the parties as related to the counterclaims.

REQUEST NO. 20. Please produce any documents and/or communications that reference ES&S' market share for consulting services in the voting services industry, including any internally prepared estimates.

RESPONSE: ES&S objects to this Request as being overly broad and unduly burdensome in that it is unlimited in time. ES&S further objects to the Request as being vague and ambiguous as to "market share for

consulting services" and the "voting services industry." Subject to its objections, ES&S will produce any responsive, nonprivileged documents for the last 5 years once a confidentiality protective order is entered by the Court. Such confidentiality protective order has already been requested by Defendants (Docket No. 44) and is currently in negotiation between the parties, though ES&S reserves the right to seek such order on other, different terms if the parties are unable to agree. Furthermore, with respect to documents pertaining to ES&S' defenses of RBM's counterclaims, ES&S elects to produce any responsive, nonprivileged documents during the specific timeframe specified by agreement between the parties as related to the counterclaims.

REQUEST NO. 21. Please produce any documents and/or communications that reference ES&S' market share for maintenance services in the voting services industry.

RESPONSE: ES&S objects to this Request as being overly broad and unduly burdensome in that it is unlimited in time. ES&S further objects to the Request as being vague and ambiguous as to "market share for consulting services" and the "voting services industry." Subject to its objections, ES&S will produce any responsive, nonprivileged documents for the last 5 years once a confidentiality protective order is entered by the Court. Such confidentiality protective order has already been requested by Defendants (Docket No. 44) and is currently in negotiation between the parties, though ES&S reserves the right to seek such order on other, different terms if the parties are unable to agree. Furthermore, with respect to documents pertaining to ES&S' defenses of RBM's counterclaims, ES&S elects to produce any responsive, non-privileged documents during the specific timeframe specified by agreement between the parties as related to the counterclaims.

The court agrees that although Requests 18, 20 and 21 seek relevant information they are each overbroad in that the requests are not limited in time or scope. For instance, a request for "each and every" license ES&S has entered into with respect to Unity Software is not narrowly tailored to a specific time period.

Request 7 is seeking documents which support ES&S' claims as stated in its amended complaint. This request is not overbroad and ES&S has not explained how it is

14

overly burdensome. Accordingly, ES&S shall respond to that Request. Further, to the extent ES&S' objection to Request 7 state is contingent on the parties entering a protective order, the parties have done so and ES&S should produce responsive documents pursuant to the terms of the protective order.

Defendants Objection to Subpoena to Centre County

ES&S intends to serve a subpoena on Centre County, Pennsylvania. Based upon the representations of the parties, the only remaining issue of contention is the scope of the subpoena. Specifically, defendants object because the subpoena seeks information after May of 2011 – the date of a specific election taking place in Centre County as identified in the Amended Complaint.

The proposed subpoena is not overbroad and is limited to a reasonable period of time – January 1, 2005 to the present. The alleged malfeasance took place in May of 2011. While discovery requests cannot be unlimited in duration, it is not unreasonable for ES&S to seek information about the relationship between Centre County and Defendants for a reasonable time period before and after the alleged infringement took place.

Request for Sanctions

Defendant Hayek has requested the court sanction ES&S for failing to answer any of the interrogatories and requiring him to file his motion to compel. Having reviewed the facts and the overall tenor of the parties' discovery process and discussions, the court find sanctions are not currently warranted. The parties are reminded that protracted discovery disputes delay the progression of the case and consume substantial court

resources. Such conduct will be closely scrutinized if any future discovery disputes require judicial intervention.

IT IS ORDERED:

1) Plaintiff ES&S' Motion to Compel Discovery and to Overrule Proposed Subpoena is granted in part and denied in part, (Filing No. 39), as set forth below. Hayek's Motion to Compel is granted in part and denied in part (Filing No. 51), as set forth below.

- a) Plaintiff ES&S' motion to compel is denied as to Interrogatory 1 served on Defendant Gerald Hayek.

- b) ES&S's motion to compel is denied as to Interrogatory 4 served on Defendant RBM.

- c) ES&S' motion to compel is granted in part and denied in part as set forth in the body of this order as to Interrogatories 6, 7, 8, 9 & 14 served on Defendant RBM.

- d) ES&S' motion to compel is granted as to Requests for Production 1, 3 and 13 served on Defendant RBM.

- e) ES&S' motion to compel is denied as to Requests for Production 10, 11 and 12 served on Defendant RBM.

2) Defendant Hayek's Motion to Compel is granted in part and denied in part as set forth below:

- a) Defendant's Motion to Compel is granted as to Interrogatories 2, 3, 5, 7, 8 and 11 served on ES&S as set forth in the body of this order.

- b) Defendant's Motion to Compel is granted as to Requests for Production 6 and 7 served on ES&S.

- c) Defendant's Motion to Compel is denied as to Requests for Production 18, 20 and 21.

3) Defendants' objection to the subpoena served on Centre County is overruled.

4) The parties shall confer regarding ES&S' proposed extended progression schedule and contact chambers with a status report no later than Friday, September 13, 2013.

5) Defendant Hayek's motion for sanctions is denied.

September 5, 2013.                BY THE COURT:

                                                                                                                    *s/ Cheryl R. Zwart*
                                                                                                                    United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.