IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELECTION SYSTEMS & SOFTWARE, LLC,<br><br>                Plaintiff,<br><br>     vs.<br><br>RBM CONSULTING, LLC, GERALD G. HAYEK, an individual;<br><br>                Defendants. | **8:11CV438**<br><br>**MEMORANDUM AND ORDER** |

The following motions are pending before me:

| | |
|---|---|
| Filing Nos. 65 and 73: | Plaintiff's Motion to Compel Inspection and Documents (Filing No. 65) and Defendants' corresponding Motion for Protective Order (Filing No. 73). |
| Filing Nos. 68 and 79: | Defendants' Motion for Sanctions, (Filing No. 68), and Plaintiff's corresponding Motion to File Sur-Reply, (Filing No. 79). |
| Filing No. 83: | Plaintiff's Motion to Compel Depositions. |
| Filing Nos. 87 and 116: | Defendants' Motion to Compel/Relief from Protective Order, (Filing No. 87), and its Amended Motion to Compel, (Filing No. 116). |
| Filing No. 119: | Defendants' Motion to Stay or alternatively Motion for New Progression Order. |

After reviewing the volumes of evidence presented on the discovery motions and hearing oral arguments, the undersigned magistrate judge held the discovery disputes in abeyance pending a ruling from Judge Gerrard on whether Plaintiff's claims could survive summary judgment. Judge Gerrard's ruling, entered on February 4, 2015, found in favor of the defendants as a matter of law on all of ES&S' claims except the claims

against Hayek for conversion and for breach of contract, as to the toolkit that Hayek allegedly failed to return. . . ." (Filing No. 142, at CM/ECF p. 22).

After this ruling was entered, the undersigned magistrate judge required the parties to meet and confer, and provide a joint report explaining any discovery issues still in dispute. The court then had an additional conference call for clarification on a few issues.

For the reasons discussed below, the court will:

--     grant Defendants' Motion for Protective Order (Filing No. 73) and deny the Plaintiff's Motion to Compel Inspection and Documents (Filing No. 65);

--     deny Defendants' Motion for Sanctions, (Filing No. 68), without prejudice, and therefore deny Plaintiff's Motion to File Sur-Reply, (Filing No. 79) as moot;

--     grant Plaintiff's Motion to Compel Depositions (Filing No. 83) as to those issues remaining following the court's summary judgment ruling;

--     grant Defendants' Motion to Compel/Relief from Protective Order, (Filing No. 87), and its Amended Motion to Compel, (Filing No. 116); and

--     grant the motion for a new scheduling order consistent with the parties' joint submission of proposed dates.

ANALYSIS

Plaintiff's Motion to Compel Inspection and Documents (Filing No. 65)
Defendants' Motion for Protective Order (Filing No. 73)

ES&S argues that despite the court's order on summary judgment, it remains entitled to inspect RBM's voting machines. In lieu of inspecting the machines, ES&S has offered to review RBM's listing of all voting machines by type and serial number. In

other words, ES&S demands production of RBM's voting machine inventory, claiming the extent of used voting machines and parts in RBM's possession is relevant to RBM's counterclaims for illegal tying and unfair dealing in violation of § 1 of the Sherman Act, and monopolization in violation of § 2 of that Act. RBM requests a protective order, asserting it should not be required to permit an inspection or produce the requested listing to ES&S, a competitor, because the number, type or serial number of voting machines in RBM's possession is not relevant to any of the counterclaims.

RBM's counterclaims assert ES&S violates antitrust laws by refusing to sell new replacement components for its voting machines to third party vendors and refusing to sell new replacement parts to customers who have not entered into an exclusive ES&S Maintenance Services Agreement. As such, RBM is not challenging ES&S's monopolization of the used parts market. It claims ES&S, as a sole supplier of new parts, has monopolized the market for repairing and maintaining ES&S' voting machines.

Even if RBM has a stockpile of used parts for performing voting machine repairs, ES&S is the sole manufacturer and ultimate source of those parts. To the extent that ES&S controls the supply and price of machines from which RBM salvages used repair parts, ES&S also indirectly controls access to used parts. As such, even if used parts are available from RBM, that parts supply should not be included when analyzing the relevant market for RBM's counterclaims. And for the purposes of deciding the issues raised in RBM's counterclaims, RBM's inventory of used voting machines and parts is not relevant. See Allen-Myland, Inc. v. Int'l Bus. Machines Corp., 33 F.3d 194, 204 (3d Cir. 1994). ES&S' motion to compel an inspection or listing of RBM's inventory of ES&S voting machines and used parts will be denied.

<u>Defendants' Motion for Sanctions, (Filing No. 68)</u>
<u>Plaintiff's Motion to File Sur-Reply, (Filing No. 79)</u>

In the parties' joint discovery filing, (Filing No. 145), RBM states it is willing to withdraw its motion for discovery sanctions provided it may do so without prejudice to raising the issues in a broader motion for sanctions RBM intends to later file. In accordance with RBM's representations, Defendants' motion for sanctions, (Filing No. 68), will be denied without prejudice, and the plaintiff's related motion to file a sur-reply, (Filing No. 79), will be denied as moot.

<u>Plaintiff's Motion to Compel Depositions (Filing No. 83)</u>

The plaintiff moves to compel the depositions of Hayek and a 30(b)(6) witness for RBM. ES&S asserts that the Court's summary judgment order contemplated that ES&S would be allowed limited discovery on the plaintiff's remaining claims and on RBM's counterclaims. ES&S explains it did not previously depose RBM and Hayek because it was awaiting a ruling on its motion to inspect RBM's inventory of ES&S voting machines, and even though the court has now ruled in favor of the defendants on several of the plaintiff's claims, ES&S remains entitled to depose RBM and Hayek on the surviving claims and RBM's counterclaims. See Filing No. 84, at CM/ECF pp. 2-3.

RBM argues ES&S' motion to compel depositions was limited, on its face, to deposing RBM and Hayek on the inspection of ES&S voting machines in RBM's possession. And since that issue is no longer relevant, the motion to compel the depositions of RBM and Hayek is moot.

Upon review of Filing No. 83, the court finds ES&S' motion to depose RMB and Hayek is not moot. Filing No. 83 did discuss the inspection of the voting machines in RBM's possession, but the discussion was related to the timing and importance of those depositions (as in after the inspections), and did not purport to describe the entire scope

of ES&S' anticipated deposition questioning. ES&S will be permitted to depose Hayek and RBM on all unresolved issues in this case.

RBM's Motion to Compel/Relief from Protective Order (Filing No. 87)
RBM's Amended Motion to Compel (Filing No. 116)

The court entered a protective order, (Filing No. 59), to protect the parties from disclosure of confidential documents. That order granted two levels of protection: "confidential" and "confidential-attorney eyes only." As stated in the protective order:

> 2. . . . [I]if the CONFIDENTIAL documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the party may add the additional designation of CONFIDENTIAL-ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL which shall mean the same thing.
>
> . . .
>
> 4. Documents Which May be Designated CONFIDENTIAL-ATTORNEY EYES ONLY. Any party may designate any document as CONFIDENTIAL-ATTORNEY EYES ONLY upon a good faith belief that the document contains highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party. In-house counsel or other attorney employees of the parties shall be deemed parties for purposes of this Protective Order and shall not be deemed attorneys for purposes of CONFIDENTIAL--ATTORNEY EYES ONLY designations.
>
> . . .
>
> 6. (c) Disclosure of Documents Designated CONFIDENTIAL-ATTORNEY EYES ONLY Counsel for the parties shall not disclose any documents designated CONFIDENTIAL – ATTORNEY EYES ONLY to any other person unless authorized by the producing party in writing.

7. Challenges by a Party to Designation as Confidential. All CONFIDENTIAL and CONFIDENTIAL – ATTORNEY EYES ONLY designations are subject to challenge by any party. Before filing any motion challenging confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation as to any Documents subject to the objection, the designating party shall serve on all parties a notice specifying the Documents and the nature of the agreement.

8. Action by the Court. Applications to the Court for an order relating to any Documents designated shall be by motion under the applicable rules of procedure and local rules of the Court and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

([Filing No. 59](#)).

Although the protective order was intended to limit discovery disputes, it is now the source of two motions to compel. RBM challenges ES&S' designation of documents as "Highly Confidential" for "Attorney Eyes Only."

When RBM's first motion was filed, every page of every document produced by Plaintiff on July 17, 2014 was marked "Highly Confidential/Attorneys Eyes Only," ([Filing No. 88-1, at CM/ECF p. 2](#), ¶ 10), including, for example:

- ES&S' communications with governmental entities and with RBM, (Filing Nos. 90-1 & 90-2);

- The published Federal Election Commission Standards, ([Filing No. 90-3](#));

- County publications, including election calendars, directives on using voting machines, unofficial voting returns, and the counties' equipment inventories, ([Filing No. 90-4](#)); and

- ES&S' "cease and desist" letters to its customers, its letters to competing vendors alleging tortious interference and defamation, and copies of competitor advertising, (Filing No. 90-6).

Defense counsel objected to the plaintiff's Highly Confidential designations, explaining:

> We take issue with the fact that you designated every single document produced by ES&S "Attorneys Eyes Only", even public records, correspondence with third parties, and RBM's own documents and correspondence. As you know, Paragraph 4 of the Confidential Protective Order requires ES&S to have a good faith basis for designating documents "Eyes Only". Clearly, ES&S has no basis for designating "Eyes Only" on the vast majority of documents produced. ES&S' abuse of the protective order impairs RBM's ability to properly defend this case and prosecute its counterclaim, as it prevents me from sharing crucial information with my client. Pursuant to Paragraph 7 of the Protective Order, please advise regarding your availability to confer regarding this matter as I intend to take the issue up with the Court if unresolved.

(Filing No. 90-8, at CM/ECF p. 2). ES&S initially stood on its designations, arguing that under the protective order, RBM was required to review the documents, identify which documents it believed were improperly designated, and then then confer with ES&S and request a change of designation. RBM argued the process begins with ES&S making designations in good faith, which ES&S failed to do by designating every document as Attorney Eyes Only.

Following the first hearing on this issue, ES&S changed the designation on over 30,000 pages of documents. RBM remains dissatisfied with the scope of ES&S' Attorney Eyes Only designations and filed its amended motion to compel. RBM has submitted evidence that public contracts with counties, emails about RBM's contacts with ES&S clients, copies of RBM's letters to county clients, ES&S "cease and desist" letters to its competitors and clients, and competitor advertising documents remain

designated as "Attorney Eyes Only." (Filing No. 118-1). ES&S stands on its current designations and argues RBM's motion must be denied because RBM has failed to challenge ES&S designations on a document-by-document basis.

Under paragraph 8 of the protective order, requests for relief regarding the designation of documents shall be "by motion under the applicable rules of procedure." (Filing No. 59). As such, a party seeking "Attorneys' Eyes Only" protection must follow Rule 26(c) and demonstrate for each document why an "Attorney Eyes Only" designation is justified, "including setting forth the specific legal basis for the claim of confidentiality, a demonstration that the strict criteria for imposition of this designation have been satisfied, and a demonstration that less-restrictive alternatives will not provide adequate protection." Ragland v. Blue Cross Blue Shield of North Dakota, 2013 WL 3776495 (D.N.D. 2013).

Rule 26(c)(7) specifically identifies trade secrets as information which may merit the special protection in the discovery process.

> [T]he party opposing disclosure of information under Rule 26(c)(7) must show that the information is a "trade secret or other confidential research, development, or commercial information," and that its disclosure would be harmful to the party's interest in the property. The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial. American Standard Inc. v. Pfizer Inc., 828 F.2d 734, 740–41 (Fed.Cir.1987); Centurion Indus., Inc. v. Warren Steurer & Assoc., 665 F.2d 323, 325 (10th Cir.1981); Hartley Pen Co. v. United States Dist. Court, 287 F.2d 324, 331 (9th Cir.1961); Empire of Carolina, Inc. v. Mackle, 108 F.R.D. 323 (S.D.Fla.1985); Coca–Cola Bottling Co. v. Coca–Cola Co., 107 F.R.D. 288, 291 (D.Del.1985). If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information. Coca–Cola Bottling Co., 107 F.R.D. at 293.

In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir. 1991).

Pursuant to Rule 26(c)(7), the court is empowered to prohibit disclosure of highly confidential commercial information or impose restrictions on that disclosure. Id.

Under the terms of the protective order entered in this case, ES&S' counsel was required to review its document production and make "Confidential" or "Confidential—Attorney Eyes Only" designations in good faith. The language of the order mirrors the cautionary language of the Manual for Complex Litigation: "[C]ounsel should not mark documents as protected under the order without a good-faith belief that they are entitled to protection[.]" Manual for Complex Litigation § 11.432, at 64 n. 134 (4th ed. 2004).

This threshold good faith assessment by ES&S was, and remains, a required step in the discovery process. Limiting disclosure on an "attorneys' eyes only" basis is recognized as an appropriate method of protecting information in very limited situations, e.g., cases involving trade secrets. In re city of New York, 607 F.3d 923, 935–36 (2d Cir.2010) ( "attorneys' eyes only" disclosure is a "routine feature of civil litigation involving trade secrets"). But it must be used sparingly and only when truly necessary because it limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions. Ragland v. Blue Cross Blue Shield of North Dakota, 2013 WL 3776495; Dorchen/Martin Assoc., Inc. v. Brook of Cheboygan, No. 11– 10561, 2012 WL 1936415, at *1 (E.D.Mich. May 29, 2012); Martinez v. City of Ogden, 2009 WL 424785 (D.Utah 2009). Designating all documents produced as "Confidential—Attorneys' Eyes Only" suggests bad faith. Fears v. Wilhelmina, 56 Fed.R.Serv.3d 426 (S.D.N.Y. 2003); THK America, Inc. v. NSK Co. Ltd., 157 F.R.D. 637 (N.D. Ill. 1993).

9

Upon review of a sample of documents still designated by ES&S as "Attorney Eyes Only," the court notes that ES&S has placed this highly confidential designation on public contracts, letters sent to competitors and customers, and letters authored by RBM. Information in the public domain, purposefully sent by ES&S to its competitors, or received from the RBM or other competitors, simply cannot be "highly confidential." And some of these documents were also submitted in support of RBM's first motion to compel, yet remain designated as "Attorney Eyes Only."

ES&S is obligated to review its documents in good faith and identify which documents are truly trade secrets or highly confidential commercial information. Foisting that responsibility to RBM is not consistent with the court's protective order or the federal rules, and impedes RBM's counsel from conferring with their client, preparing a defense, and litigating RBM's counterclaims. RBM's obligation to challenge a designation on a document-by-document basis does not arise until ES&S reviews the documents and, in good faith, identifies those it believes are highly confidential.

RBM's motions to compel will be granted.

Accordingly,

IT IS ORDERED:

a. Defendants' Motion for Protective Order, ([Filing No. 73](#)), is granted, and the Plaintiff's Motion to Compel Inspection and Documents, ([Filing No. 65](#)), is denied.

b. Defendants' Motion for Sanctions, ([Filing No. 68](#)), is denied without prejudice, and Plaintiff's Motion to File Sur-Reply, ([Filing No. 79](#)), is denied a moot.

  c. Plaintiff's Motion to Compel Depositions, (Filing No. 83), is granted.

  d) Defendants' Motion to Compel/Relief from Protective Order, (Filing No. 87), and its Amended Motion to Compel, (Filing No. 116), are granted. On or before April 15, 2015, ES&S shall re-designate its document production in accordance with this order.

  e) The Motion for New Progression Order, (Filing No. 119), is granted as follows:

1) The jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in the Special Proceedings Courtroom, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 9:00 a.m. on January 11, 2016, or as soon thereafter as the case may be called, for a duration of ten (10) trial days. This case is subject to the prior trial of criminal cases and such other civil cases as may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

2) The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on December 8, 2015 at **10:00 a.m.**, and will be conducted by WebEx conferencing. To facilitate this conferencing method, the parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to zwart@ned.uscourts.gov, in either Word Perfect or Word format, by 5:00 p.m. on December 7, 2015. An email will be sent to counsel of record with the instructions and codes for participating in the pretrial conference by WebEx.

3) The deadline for completing written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure is September 18, 2015. Motions to compel Rule 33 through 36 discovery must be filed by September 25, 2015 **Note:** Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

4) The deposition deadline is September 18, 2015.

5)	The deadline for filing motions to dismiss and motions for summary judgment is October 16, 2015.  The parties are advised, however, that the trial and pretrial conference may be continued on the court's own motion if dispositive motions are filed after September 8, 2015.[1]

6)	The deadline for filing motions to exclude testimony on *Daubert* and related grounds is October 16, 2015.

7)	Motions in limine shall be filed on or before November 13, 2015.

March 24, 2015.

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge

---

[1] To facilitate the court's review, the parties are strongly encouraged to include hyperlinks to the evidence, CM/ECF record, and all legal authorities cited within their briefs filed in support of, or in opposition to, any motions filed.  See NECivR 7.1.  For instructions, see "Hyperlinking Information" at http://www.ned.uscourts.gov/attorney/electronic-case-filing.

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.